# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**EL BARSEEM KNOWLEDGE ALLAH,**

    **Plaintiff,**

v.

Case No. 2:19-cv-4994
Judge James L. Graham
Chief Magistrate Judge Elizabeth P. Deavers

**CASSIE KINKER, *et al.*,**

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, El Bareem Knowledge Allah, a state inmate who is proceeding without the assistance of counsel, brings this action against several individuals employed by Ross Correctional Institution ("RCI"). (Complaint, ECF No. 7 ("Compl.").) Plaintiff was previously granted leave to proceed *in forma pauperis* in this action. (ECF No. 6.) This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

**I.**

At all times relevant to the Complaint, Plaintiff was incarcerated at RCI. (*See generally* Compl.) According to Plaintiff, RCI's library schedule coincides with the institution's recreation schedule and provides each inmate only approximately twenty (20) minutes a week to use the library. (*Id*. at PAGEID # 85.) Plaintiff complained about RCI's library schedule and was dissatisfied with the responses he received. (*Id*. at #86; *see also* Exhibits, ECF No. 7, attached thereto at PAGEID ## 91–97 (copies of kite, complaints, and responses).) Plaintiff alleges that in September of 2020, he "was denied the opportunity to sign up to attend law library[.]" (Compl., PAGEID # 87.) Plaintiff further alleges that, as a result, he "has been unable to properly litigate his claim in Case no. 3:19-cv-616[,] Allah v. Henderson et al.[,] Northern District of Ohio; Allah v. Joseph D. Reed[,] 19-cv-003849, due to the Environment and Inability to access the law library @ RCI for meaningful Research and Document preparation." (*Id*.) Plaintiff sues Defendants in their individual and official capacities for monetary damages and "seeks injunctive relief in the establishment of a Regular and adequate legal library schedule accessible to all General Population Prisoners @ RCI[.]" (*Id*. at PAGEID # 89.)

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

---

[1] Formerly 28 U.S.C. § 1915(d).

3

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

The Court construes Plaintiff's allegations about deficient law library hours and inadequate library schedule as a claim for denial of access to the courts. (*See generally* Compl.)

Inmates enjoy a right of access to the courts under the First and Fourteenth Amendments to the United States Constitution. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013); *Thaddeus-x v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). This right of access prohibits "state prison officials from actively interfering with inmates' attempts to prepare legal documents[.]" *Lewis*,

518 U.S. at 350; *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("Prison officials may not erect any barriers that impede an inmate's access to the courts."). However, the right "extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-x*, 175 F.3d at 391. To prevail on this claim, the inmate must "show actual injury." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Thaddeus–X*, 175 F.3d at 394). In other words, the inmate must demonstrate "that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis*, 518 U.S. at 353; *see also Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (stating that an access to the courts claim has "unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost"). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).

Here, Plaintiff has failed to sufficiently allege the necessary elements of his access to the courts claim. The Complaint identifies two lawsuits, *Allah v. Henderson*, No. 3:19-cv-616, and *Allah v. Reed*, No. 19-cv-003849 (*see* Compl., PAGEID # 87). Plaintiff, however, fails to allege that either of these cases was a direct appeal, habeas corpus application, or civil rights claim. *See Thaddeus-x*, 175 F.3d at 391.

In addition, Plaintiff's vague and conclusory assertion that, as a result of his inadequate access to the law library, he "has been unable to properly litigate his claim in" his cited cases (Compl., PAGEID # 87) is insufficient to establish an actual injury. *Krouskoupf v. Muskingum Cty. Jail*, 2:19-cv-3045, 2019 WL 4345691, at *5 (S.D. Ohio Sept. 12, 2019) ("Here, Plaintiff Krouskoupf's allegations that he could not assist in his criminal defense and that his request for

5

copies was denied fail to state a viable access-to-courts claim because such allegations fail to demonstrate that Plaintiff Krouskoupf has suffered the requisite actual injury.") (citations omitted), *report and recommendation adopted by* 2019 WL 4738140 (S.D. Ohio Sept. 27, 2019); *Branham v. Bolton*, No. 3:16-cv-P108-DJH, 2017 WL 2312479, at *6 (W.D. Ky. May 26, 2017) (dismissing claim for access to the courts where "[a]lthough Plaintiff mentions that he is 'in the post-conviction appeal process,' he does not explain how the alleged shortcomings in HCDC's legal resources hindered his efforts to pursue a specific, non-frivolous direct appeal") (citations omitted); *cf. Lewis*, 518 U.S. at 355 ("Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration.").

Moreover, although he does not acknowledge it in the Complaint, the Court takes judicial notice of the fact that counsel was appointed to represent Plaintiff in *Allah v. Henderson*, No. 3:19-cv-616 on October 11, 2019 (ECF No. 18 filed in 3:19-cv-616). *Chamberlain v. Reddy Ice Holdings, Inc.*, 757 F. Supp. 2d 683, 698 (E.D. Mich. 2010) ("A court may also take judicial notice at the pleading stage of certain public documents, including filings in other courts of record and publicly filed disclosure documents."). "Once counsel has been appointed, the state has fulfilled its constitutional obligation to provide full access to the courts." *Clark v. Watson*, No. 1:14-cv-322, 2015 WL 4068034, at *2 (E.D. Tenn. July 2, 2015) (citing *Martucci*, 944 F.2d at 295); *see also Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991) (dismissing a claim for access to the courts where the prisoner was represented by appointed counsel); *Whiteside v. Duke*, No. 17-1106, 2019 WL 2578260, at *7 (W.D. Tenn. June 24, 2019) (dismissing inmate's access-to-courts claim where, *inter alia*, the plaintiff conceded that he was represented by an attorney).

Finally, the Court notes that Plaintiff attaches as an exhibit a letter from the Supreme

Court of Ohio returning Plaintiff's untimely filing in another case, *State ex rel. El-Barseem Knowledge Allah v. Sean Bowerman, Warden To.C.I.*, No. 2019-1210. (ECF No. 7, PAGEID # 104 ("Your response to the motion was due in the clerk's office on September 30, 2019. We received it on October 23, 2019. The clerk's office is prohibited from filing untimely documents by Rule 3.02(B) and motions to waive this rule are prohibited.").) Plaintiff's handwritten note on this letter asserting that he "was unable to meet the motion filing requirements due to being denied access to RCI's legal library" is likewise insufficient to establish the requisite injury. *See Ortiz v. Sheldon*, No. 1:18 CV 80, 2018 WL 2234915, at *2 (N.D. Ohio May 16, 2018) (finding allegations that the plaintiffs were "'unable' to file motions in "several of his civil and criminal appeals . . . are insufficient to allege the actual injury required to demonstrate a cognizable access to the courts claim"); *Johnson v. Humphrey*, No. 1:18-cv-43, 2018 WL 1151812, at *8 (S.D. Ohio Mar. 5, 2018) (recommending that inmate's access-to-courts claim based on alleged denial of access to law library where inmate alleged only that he missed a required deadline be dismissed because the plaintiff's assertion "does not contain facts from which this Court can infer that a nonfrivolous claim has been hampered"), *report and recommendation adopted by* 2018 WL 1532525 (S.D. Ohio Mar. 29, 2018). Accordingly, Plaintiff's claim for access to the courts must fail.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for relief on which relief can be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if

Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this Order and Initial Screen Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: April 9, 2020                  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE